UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAULA FISHER,

    Plaintiff,

v.                                      Case No. 3:22cv288-TKW-HTC

ANGELYN MITCHELL and
MARGARET TOWNSEND,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Defendants Angelyn Mitchell and Margaret Townsend seek dismissal of this action as a sanction for Plaintiff Paula Fisher's failure to prosecute this action or comply with this Court's orders. ECF Doc. 81. Defendants also seek a determination that they are entitled to attorney's fees. ECF Doc. 62. Upon consideration, the undersigned recommends Defendants' motions be granted and judgment be entered in their favor.

I.     MOTION FOR SANCTIONS

This case stems from a failed real estate transaction and, as discussed herein, has been on shaky ground since its inception. Plaintiff Paula Fisher contracted with the Defendants, Angelyn Mitchell and Margaret Katie Townsend (the "Sellers"), for the purchase of a home. ECF Doc. 62 at 1–2. Ultimately, the parties failed to close

on the sale, and Plaintiff—who, at the time, was represented by an attorney—filed this suit alleging a variety of claims against everyone involved in the transaction, including the Sellers' attorney, the real estate broker, and the escrow agency. ECF Doc. 1. As pertinent to this report, Plaintiff sued the Sellers for breach of the real estate contract, civil theft, and conversion of personal property. ECF Doc. 34.

Upon being served, all defendants moved to dismiss Plaintiff's complaint, arguing it failed to state any cognizable claims for relief. *See* ECF Docs. 26 & 28. The Court granted those motions on April 18, 2022, finding the complaint was a "textbook 'shotgun pleading,'" and gave Plaintiff an opportunity to file an amended complaint. ECF Doc. 33 at 4, 6. On May 2, 2022, Plaintiff filed an amended complaint, which—despite the Court's express orders—failed to properly plead most claims. *See* ECF Doc. 34. The defendants again responded by filing motions to dismiss. ECF Docs. 35, 36, 44. Additionally, the escrow agency filed a motion for Rule 11 sanctions against Plaintiff's counsel, John R. Burdges, asserting the complaint, amended complaint, and Plaintiff's response to its motion to dismiss filed by Mr. Burdges were "unwarranted by existing law." ECF Doc. 36 at 3.

After oral argument, the Court dismissed all claims except for a single claim for conversion of personal property against the Sellers. ECF Docs. 55 & 59. The Court also granted the escrow agency's motion for sanctions, finding "no conceivable legal basis for Plaintiff to assert any claims (and particularly not an IIED

claim) against the escrow agent for not returning the deposit to her upon the sellers' alleged 'cancellation' of the contract—and there was certainly no basis to seek damages 'in excess of one million dollars' from the escrow agent." ECF Doc. 56 at 7.

Shortly thereafter, Mr. Burdges filed a motion to withdraw as counsel for Plaintiff citing "[a]n incurable conflict of interest" and a deterioration in his relationship with the Plaintiff. ECF Doc. 63. The Court granted the motion, over Plaintiff's objection, ECF Doc. 68, and retained jurisdiction to impose sanctions on counsel. ECF Doc. 73. The Court also stayed the proceedings for forty-five (45) days to allow Plaintiff an opportunity to obtain new counsel. *Id.* After the 45-day period expired on November 10, 2022, without any attorney making an appearance for Plaintiff, the Court lifted the stay and referred this case to the undersigned for further proceedings, including the consideration of the Sellers' pending motion for entitlement to attorney's fees, ECF Doc. 62. ECF Doc. 74.

On November 16, 2022, the undersigned entered an order setting a status conference for November 29, 2022. ECF Doc. 76. The November 16 order also directed Plaintiff to file a response to the Sellers' motion for attorney's fees, ECF Doc. 62, within fourteen (14) days. *Id.* at 2. Additionally, the order advised Plaintiff that, if she no longer wished to pursue her remaining claim against the Sellers, she should consult with their counsel to see if they would stipulate to a dismissal. *Id.*

Plaintiff, however, did not respond to the motion for fees and also did not file a stipulation for dismissal.

On November 29, 2022, the status conference was held as scheduled, but only the Sellers' counsel was present. *See* ECF Doc. 77. Plaintiff failed to appear or otherwise inform the Court she would be absent. *See id.* Therefore, at the conclusion of the conference, the undersigned issued a show cause order giving Plaintiff fourteen (14) days to show cause why she should not be held in contempt. ECF Doc. 78. Plaintiff was expressly forewarned that the Court may impose sanctions—including dismissal. *Id.* Plaintiff was also advised, once again, that she could seek voluntary dismissal if she no longer wanted to prosecute this case. *Id.* Plaintiff did not respond to the show cause order. Thus, since her counsel was allowed to withdraw from this case in September, Plaintiff has taken no action to prosecute this matter and, instead, has flouted this Court's orders. Given Plaintiff's disdain for her obligations in this case, the undersigned finds dismissal to be the only appropriate sanction.

A district court may dismiss an action as a sanction under its inherent power, *Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009), as well as under the Federal Rules of Civil Procedure. Specifically, under Rule 16, the court may dismiss an action for a party's failure to appear at a scheduling order or pretrial conference or failure to obey a scheduling or

other pretrial order. *See* Fed. R. Civ. P. 16(f)(1)(A) and (C); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). The Court may also dismiss an action under Rule 41 for a plaintiff's failure to prosecute a case or comply with a court order. Fed. R. Civ. P. 41(b). The decision to dismiss a case for lack of prosecution "lies within the trial court's discretion and can be reversed only for an abuse of discretion." *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986).

A dismissal with prejudice is appropriate where there is: "(1) a clear record of willful contempt; and (2) an implicit or explicit finding that lesser sanctions would not suffice." *See Fequiere v. Ala. State Univ.*, 558 F. App'x 881, 882 (11th Cir. 2014) (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)); *see also Goforth*, 766 F.2d at 1535. Even without such a showing, a court may dismiss a case without prejudice, which is a lesser sanction. *See Dynes v. Army Air Force Exchange Serv.*, 720 F.2d 1495, 1498 (11th Cir. 1983) ("Although this case does not involve a series of violation of court rules or pretrial orders, because the case was dismissed without prejudice, we cannot say that the district court abused its discretion."); *Chinweze v. Bank of America, N.A.*, 782 F. App'x 972, 977 (11th Cir. 2019) (applying a less stringent standard of review to a dismissal without prejudice because the suit may be filed again). And while dismissal is considered an "extraordinary" measure, "dismissal upon disregard of an order, especially where

the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989).

Defendants have requested this action be dismissed with prejudice. However, while the undersigned finds it would certainly be well within the Court's discretion to dismiss the action *with* prejudice, the undersigned finds the lesser sanction of a dismissal *without* prejudice to be more appropriate. Plaintiff has defied several Court orders, despite being warned she could face dismissal; missed a scheduling conference without providing any explanation; failed to communicate with the Court or opposing counsel; and failed to respond to the present motions for sanctions and for attorney's fees or otherwise prosecute this case. Although Plaintiff is proceeding *pro se*, that status does not excuse Plaintiff from complying with court orders and the relevant rules of substantive law and procedure. *See Skelly v. Okaloosa Cnty., Fla. Bd. of Cnty. Commissioners*, No. 3:08CV428/MCR/CJK, 2013 WL 12377419, at *4 (N.D. Fla. Feb. 22, 2013) (citing *Moon*, 863 F.2d at 837) ('If a pro se litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant.').

Moreover, the Court has given Plaintiff several opportunities to dismiss this action on her own accord by filing a motion or seeking a stipulation to same from the Sellers. Despite the olive branches that have been extended, Plaintiff has chosen simply to ignore the Court, as well as this case. Therefore, the undersigned does not

Case No. 3:22cv288-TKW-HTC

have to look far to find a basis for dismissal. Similarly, given Plaintiff's wholesale failure to communicate with the Court, to retain other counsel, or to effectively communicate with Sellers' counsel,[1] the undersigned finds any lesser sanction, such as monetary sanctions, to be insufficient. Indeed, the Court notes that Plaintiff's disregard for this Court's orders comes *after* this Court sanctioned her attorney monetarily for maintaining frivolous positions in this case.

Finally, the Court has been more than lenient in allowing this action to proceed, despite the Court's reservations regarding the positions that were being asserted by Plaintiff. Indeed, as stated above, the Court allowed Plaintiff's conversion claim to proceed against the Sellers. This case, however, cannot simply linger on the Court's docket until Plaintiff decides to participate in these proceedings. Dismissal is the only appropriate sanction. *See, e.g.*, *Rollaguard Sec., LLC v. Piedmont Hawthorne Aviation, LLC*, 2016 WL 7431258, at *1 (S.D. Fla. Jan. 20, 2016) (dismissing plaintiff's action under Rule 41(b) after it failed to respond to defendant's motion and a show cause order and failed to appear at a pretrial status conference); *see also Link*, 370 U.S. at 633–35 (affirming *sua sponte* dismissal with prejudice and without

---

[1] According to the Sellers, their counsel attempted to contact Plaintiff via email on September 30, 2022, to negotiate a resolution. ECF Doc. 81. Plaintiff responded that she had retained other counsel who would be in touch. On October 3, attorney David Turner contacted Sellers' counsel and directed counsel not to contact Plaintiff directly as he would be representing Plaintiff. *Id.* at 3. That representation, however, was short-lived, because, on November 28, the day prior to the status conference, Turner advised Sellers' counsel he would not be representing Plaintiff and would not be attending the conference. *Id.* at 4.

Case No. 3:22cv288-TKW-HTC

warning after plaintiff's counsel failed to appear at a single pre-trial conference, even though he provided an excuse, because in light of all the circumstances surrounding the case it could be inferred that plaintiff had been deliberately proceeding in dilatory fashion). Additionally, Defendants should be awarded reasonable fees and costs for having to file the motion for sanctions. *See* Fed. R. Civ. P. 16(f)(2); *see also Skelly*, 2013 WL 12377419, at *4 (dismissing case with prejudice and awarding costs to the defendants).

II.     **MOTION FOR ATTORNEY'S FEES**

Prior to filing their motion for sanctions, the Sellers filed a motion for attorney's fees pursuant to Rule 54(c), seeking a determination from the Court that they were entitled to fees under the real estate contract, as the prevailing party, and under Florida's civil theft statute, § 772.11. ECF Doc. 62. As set forth above, despite being directed to do so, Plaintiff did not respond to the motion.

As an initial matter, when the Sellers filed the motion for fees it was premature because a final judgment had not been entered in their favor. *See, e.g., Jones v. Magic Burgers, LLC*, 2022 WL 852770, at *2 (M.D. Fla. Jan. 21, 2022) (denying a request for attorneys' fees as "premature" because no final judgment had been entered at the time). Instead, because the Court allowed the conversion claim to proceed, the Court directed the clerk to enter judgment only as to the other defendants, against whom all claims had been dismissed. ECF Doc. 75. Now,

however, because the undersigned is recommending the only remaining claim against the Sellers be dismissed, final judgment would be appropriate, and the Seller's motion for fees is ripe for consideration.

Under the American Rule, each party must generally pay its own attorney's fees, irrespective of the outcome of the case. *See, e.g.*, *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010); *Reiterer v. Monteil*, 98 So. 3d 586, 587 (Fla. 2d DCA 2012) ("Florida adheres to the American Rule."). Fees, however, may be recoverable if they are provided for in a statute or in a contract. *See Tang How v. Edward J. Gerrits, Inc.*, 961 F.2d 174, 179 (11th Cir. 1992); *accord State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993). For the reasons below, the undersigned finds the Sellers are entitled to reasonable attorney's fees and costs on the two claims that have been dismissed, in addition to the fees for filing the motion for sanctions.

### A. **Defendants Are Entitled to Fees Under the Contract**

Plaintiff's breach of contract claim against the Sellers is based on a written "AS IS Residential Contract for Sale and Purchase" (the "Contract"). ECF Doc. 34-1. Section 17 of the Contract, entitled "Attorney's Fees; Costs" provides that, "[i]n any litigation permitted by this Contract, the prevailing party shall be entitled to recover from the non-prevailing party costs and fees, including reasonable attorney's fees, incurred in conducting the litigation." ECF Doc. 34-1 at 8. The Contract also

provides that this provision shall survive both the closing or the termination of the Contract. *Id.* By its terms, the Contract is governed by Florida law. *Id.* at 11.

That provision clearly allows for the recovery of attorneys' fees and costs. There is also no dispute the Sellers are the prevailing parties to the breach of contract claim. In Florida, prevailing party provisions are enforceable. *Lashkajani v. Lashkajani*, 911 So.2d 1154, 1158–1159 (Fla. 2005). Indeed, the Court has no discretion to decline enforcement of a valid prevailing party provision. *See id.* Accordingly, the Sellers are entitled to an award of attorney's fees under the Contract. *See Herbst v. N. Ocean Condos, L.P.*, 2009 WL 2257827, at *3 (S.D. Fla. July 29, 2009) (finding defendant was entitled to attorney's fees under a prevailing party provision following a dismissal of plaintiff's claims).

### B. Defendants Are Entitled to Fees Under the Statute

Plaintiff brought a civil theft claim against the Sellers under the Florida civil theft statute, section 772.11. That statute also provides defendants with an opportunity to recover reasonable attorney's fees and costs "upon a finding that the [plaintiff] raised a claim that was without substantial fact or legal support." § 772.11(1), Fla. Stat. (2022). For the Sellers to be entitled to an award of attorney's fees under the statute, they need only show Plaintiff "raised a claim which was without substantial fact or legal support." *See Bronson v. Bronson*, 685 So. 2d 994, 995 (Fla. 5th DCA 1997) (establishing "the test" for awarding fees under section

772.11). Moreover, the standard for finding no "substantial fact or legal support" under this statute is less stringent than the standard applied to other non-meritorious suits. *Ciaramello v. D'Ambra*, 613 So. 2d 1324, 1325 (Fla. 2d DCA 1991) (explaining that the legislative intent in enacting section 772.11 was "to discourage civil theft claims lacking either legal or factual substance by setting a less stringent standard for a fee award" than the alternative statute permitting attorney's fees in bad-faith litigation).

The Court dismissed Plaintiff's civil theft claim because Plaintiff failed to comply with the statute's pre-suit notice provisions. Thus, the Court has already determined Plaintiff's claim was without substantial factual or legal support. *See* ECF Doc. 59 at 1, 4–5. Accordingly, the Sellers are entitled to attorney's fees under section 772.11(1), Florida Statutes.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendants' motion for sanctions, ECF No. 81, be **GRANTED** and this case be **DISMISSED WITHOUT PREJUDICE** as a sanction for Plaintiff's willful disregard of this Court's orders and failure to prosecute this action.

2. Defendants' motion for determination of entitlement to attorney's fees, ECF Doc. 62, be **GRANTED**.

3. Final judgment be entered in favor of the Sellers, to include an award of reasonable attorneys' fees and costs (1) as the prevailing party under the Contract; (2) under Fla. Stat. § 772.11, and (3) for the filing of the motion for sanctions.

At Pensacola, Florida, this 4th day of January, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.